NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BENJAMIN KOHN,

Plaintiff-Appellant,

v.

STATE BAR OF CALIFORNIA;
CALIFORNIA COMMITTEE OF BAR
EXAMINERS, and Their Agents in Their
Official Capacity,

Defendants-Appellees.

No.    20-17316

D.C. No. 4:20-cv-04827-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted October 15, 2024 [**]
San Francisco, California

Before:  WARDLAW, CALLAHAN, and NGUYEN, Circuit Judges.

In *Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir. 2023), our court

sitting en banc reaffirmed our precedent holding that the State Bar of California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

enjoys Eleventh Amendment immunity.  We must now address whether the district court properly dismissed Kohn's Rehabilitation Act and Unruh Civil Rights Act claims against the State Bar.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We affirm in part, vacate in part, and remand.

1.   The district court did not err in dismissing Kohn's Rehabilitation Act claims against the State Bar pursuant to Federal Rule of Civil Procedure 12(b)(1). Section 504 of the Rehabilitation Act prohibits disability discrimination by "any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a). The receipt of federal funds constitutes a waiver of sovereign immunity.  *See Sharer v. Oregon*, 581 F.3d 1176, 1178 (9th Cir. 2009) (evaluating waiver on a program-by-program basis).

Here, the State Bar "converted the motion to dismiss into a factual motion by presenting affidavits or other evidence" establishing that it does not receive federal funding.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Thus, Kohn was required to "furnish affidavits or other evidence necessary to satisfy [his] burden of establishing subject matter jurisdiction." *Id.*  Kohn failed to meet that burden, offering no factual basis to support his assertion that the State Bar is a "program or activity" receiving federal financial assistance, directly or

---

[1]      We address Kohn's argument that the district court erred in dismissing his claims under Title II of the Americans with Disabilities Act ("ADA") in a concurrently filed opinion.

indirectly. Under these circumstances, the district court did not err by crediting the State Bar's evidence and concluding that it lacked subject matter jurisdiction to review the claim.[2] Nor did the district court abuse its discretion by failing to afford Kohn an opportunity for jurisdictional discovery, for Kohn never requested such discovery below.

2. We vacate the district court's dismissal of Kohn's Unruh Act claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and we remand to the district court for further consideration. In dismissing Kohn's Unruh Act claims, the district court relied upon two distinct bases: plaintiff's failure to state a claim for violations of Title II of the ADA, 42 U.S.C. § 12131 et seq.,[3] and the categorical rule that "government entities are not 'business establishments' and [are] not subject to the Unruh Act." The panel may affirm the dismissal on either basis if the dismissal is

---

[2] Kohn relies on *Bell v. Hood*, 327 U.S. 678, 682–83 (1946), to argue that the issue of federal funding cannot properly be resolved on a Rule 12(b)(1) motion and must be decided under the 12(b)(6) standard. But *Bell* is distinguishable here because the issue of federal funding determines not only the existence of federal question jurisdiction but also whether the State has waived its Eleventh Amendment immunity. "Rule 12(b)(1) is . . . a proper vehicle for invoking sovereign immunity from suit." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

[3] The California legislature explicitly incorporated the ADA into the Unruh Act, Cal. Civ. Code § 51(f), so Kohn's Unruh Act claim will be dismissed if he fails to state a claim under the ADA.

3

fairly supported by the record. *Ochoa v. Public Consulting Grp., Inc.*, 48 F.4th 1102, 1106 (9th Cir. 2022).

Because we vacate the dismissal of Kohn's ADA claims in our concurrently filed opinion, we also vacate the district court's dismissal of the Unruh Act claims on the basis that Kohn failed to state a claim under the ADA.[4]

At the time it issued its decision, the district court properly held that Kohn's allegations against the State Bar could not fall within the purview of the Unruh Act. The Unruh Act applies only to "business establishments." *Brennon B. v. Superior Court*, 13 Cal. 5th 662, 682 (2022). Kohn's complaint does not plausibly allege that the State Bar is a "business establishment," and thus fails to demonstrate that Kohn's claims fall within the Unruh Act's purview. After the district court issued its decision, however, the California Supreme Court clarified its test for what constitutes a "business establishment." *See id.* *Brennon B.* did not foreclose the possibility that the Unruh Act could be applied against a government

---

[4] The State Bar asserted for the first time on appeal that Eleventh Amendment immunity bars Kohn's Unruh Act claims. Kohn contends that the State Bar forfeited this defense by failing to raise it in the district court. Indeed, before the district court, the State Bar affirmatively disclaimed that it was asserting an Eleventh Amendment immunity defense with regard to Kohn's Unruh Act claims. Should Kohn choose to amend his Unruh Act claims, we direct the district court to consider in the first instance whether the State forfeited its Eleventh Amendment immunity defense to these claims. *See In re Bliemeister,* 296 F.3d 858, 861 (9th Cir. 2002) ("Sovereign immunity . . . may be forfeited where the state fails to assert it.").

body when the entity "resemble[s] an ordinary for-profit business," but rather held that to be a "business establishment under the Act[,] an entity must effectively operate as a business or a commercial enterprise or engage[] in behavior involving sufficient businesslike attributes." *Id.* at 681, 683 (internal quotation marks and citations omitted). In light of this clarification, we vacate the district court's dismissal of Kohn's Unruh Act claims.

We remand and direct the district court to afford Kohn an opportunity to amend his Unruh Act claims and to apply the standard set forth in *Brennon B.* to its analysis of whether the State Bar is a "business establishment."

**AFFIRMED IN PART; VACATED IN PART; and REMANDED.**[5]

---

[5]  The parties shall bear their own costs on appeal.